UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLOTTE SCHOFF, )<br>      Plaintiff, )<br>                      )<br>v.                      )<br>                      )<br>WAL-MART, INC., )<br>      Defendant. ) | CAUSE NO.: 2:20-CV-129-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's Motion for Leave to File Amended Affirmative Defense [DE 14], filed on June 16, 2020. Plaintiff Charlotte Schoff filed a response, and Defendant filed a reply. For the following reasons, the motion is granted.

## BACKGROUND

On October 3, 2019, Plaintiff Charlotte Schoff filed a Complaint in LaPorte Superior Court, bringing claims arising out of a personal injury that occurred when the back of a motorized shopping cart allegedly broke at Defendant Wal-Mart Stores East, LP's store. On March 31, 2020, Defendant filed a Notice of Removal to federal court. On June 16, 2020, Defendant filed the instant motion, seeking leave to file an amended affirmative defense. Per the scheduling order in this matter, the deadline for Defendant to file any motion to amend its pleading is set for February 15, 2021.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15, the Court should freely give leave for a party to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). As explained by the Supreme Court of the United States,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

> by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman*, 371 U.S. at 182).

"District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). Here, as explained by one court, "dismissal of the amended pleading—an affirmative defense—would technically come in the form of granting a Rule 12(f) motion 'to strike from a pleading an insufficient defense.'" *E.E.O.C. v. Orion Energy Sys. Inc.*, 145 F. Supp. 3d 841, 844 (E.D. Wis. 2015); *see also Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *1 (N.D. Ind. Apr. 3, 2018) ("Amendment to add an affirmative defense is futile if the affirmative defense would not survive a motion to strike under Federal Rule of Civil Procedure 12(f).").[1]

---

[1] As explained by the Seventh Circuit Court of Appeals, "there is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (brackets and quotation marks omitted); *see also E.E.O.C. v. Orion Energy Sys. Inc.*, 145 F. Supp. 3d 841, 844 (E.D. Wis. 2015) ("The standard for denying a motion to amend based on futility is the same as granting a motion to dismiss the would-be amended pleading for failure to state a claim."). However, on the current record, the Court declines to make a definitive finding regarding whether Defendant's affirmative defense would survive a motion to strike. The Court rules only that, because the current record (with relatively minimal briefing) supports no finding that Defendant failed to comply with the reasonable promptness requirement of the Indiana Comparative Fault Act, the Court will grant leave for Defendant to amend its Answer to add the relevant affirmative defense.

In this instance, Defendant's "right to amend its answer to assert a nonparty defense is governed by the Indiana Comparative Fault Act."[2] *Cota v. Pilkington N. Am., Inc.*, No. 1:12-CV-365, 2013 WL 1703571, at *2 (N.D. Ind. Apr. 19, 2013) (citing Ind. Code § 34-51-2). The Indiana Comparative Fault Act provides that a defendant with knowledge of a nonparty defense at the time of filing the first answer is required to plead the defense at that time. Ind. Code § 34-51-2-16. However, "[a] defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness." *Id*. Nonetheless,

> if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action.

*Id.*

---

[2] Pursuant to the *Erie* doctrine, as established in *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Here, because the Court has subject matter jurisdiction over this matter via diversity jurisdiction and Indiana is the forum state, the Court reviews the parties' arguments against the applicable Indiana common and statutory law. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law."); *Farmers & Merchants State Bank v. Norfolk & W. Ry. Co.*, 673 F. Supp. 946, 947 (N.D. Ind. 1987) ("Because this is a diversity of citizenship case, the legal sufficiency of defendant's second defense must be determined under the applicable Indiana common and statutory law.").

The Supreme Court of the United States has explained that "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini*, 518 U.S. at 427. Nonetheless, decisions in this jurisdiction "reflect the reasoning that the deadlines in the [Indiana Comparative Fault Act] for naming nonparties are applicable in federal court." *Atkins v. Kroger Co.*, No. 1:11-CV-00772-JMS, 2013 WL 1319395, at *1 n. 1 (S.D. Ind. Mar. 28, 2013); *see also Benbenek v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 1:12-CV-0591-JMS-DML, 2012 WL 5331230, at *2 n. 2 (S.D. Ind. Oct. 29, 2012) (declining to decide whether the Indiana Comparative Fault Act's time parameters for raising a nonparty defense are binding in federal court under *Erie* principles but nonetheless noting "that strong arguments could be made that the timing rules under the Comparative Fault Act are integral to the Act, are substantive and not merely procedural, and are therefore governing in federal court. Decisions in this district court reflect the assumption that the deadlines in the Act for naming nonparties are applicable in federal court"). In light of these cases, and with no arguments from the parties to the contrary, the Court will conduct its analysis under the Indiana Comparative Fault Act.

If a defendant "cannot meet the requirements of the Indiana Comparative Fault Act, it cannot properly assert a nonparty defense and the amendment would be futile." *Atkins v. Kroger Co.*, No. 1:11-CV-00772-JMS, 2013 WL 1319395, at *1 (S.D. Ind. Mar. 28, 2013). "Put another way, a court can deny a motion to amend to add a nonparty defense on the grounds of futility if the requirements of the Comparative Fault Act are not met." *Cota*, 2013 WL 1703571, at *2.

## ANALYSIS

In the instant motion, Defendant explains that, pursuant to the Indiana Comparative Fault Act, a named defendant may assert a nonparty defense, seeking to attribute fault to a nonparty. (Mot. ¶ 2, ECF No. 14). Defendant further explains that, under Indiana law, a defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. *Id.* at ¶ 3. Defendant states that, at the time its Answer was filed on November 18, 2019, it did not yet have actual knowledge of the nonparty who manufactured, maintained, and/or repaired the motorized cart at issue in this matter. *Id.* at ¶ 4-5. Since that time, however, Defendant has learned that the shopping cart was manufactured by Amigo Mobility International, Inc. *Id.* at ¶ 6. Defendant thus seeks leave to file an amended affirmative defense naming Amigo Mobility International, Inc. as a nonparty defendant in this matter. *Id.* at ¶ 7.

Plaintiff responds that the reasonable promptness requirement of the Indiana Comparative Fault Act refers to the period of time between service of the complaint and the assertion of a nonparty defense, not the time between learning of the defense and asserting it. (Resp. ¶ 4, ECF No. 16). Here, Plaintiff notes that Defendant sought leave to file an amended affirmative defense a full eight months after being served with the Complaint. *Id.* at ¶ 5. Plaintiff further contends that Defendant knew or should have known immediately after the filing of the Complaint the identity of the shopping cart's manufacturer. *Id.* Plaintiff points to Defendant's initial disclosures, which

4

reflect work orders for Amigo Mobility International, Inc. shopping carts and included photographs of the shopping cart taken on the date of the accident. *Id.* at ¶ 6. Plaintiff argues that Defendant had almost two years to uncover the identity of the shopping cart's manufacturer and/or repair company, apparently referencing the time period between when Defendant's retail customer injury claims management service investigated the incident in late 2017 and when Defendant's Answer was filed in November 2019. *Id.* Plaintiff further argues that Defendant has failed to show that it was unaware of the nonparty defendant's identity at the time it filed its Answer, that it exercised reasonable diligence in seeking to add the nonparty defendant, and that it has added the nonparty defendant with reasonable promptness. *Id.* at ¶ 7. Though not stated as such, the Court understands Plaintiff's argument to be that Defendant's motion should be denied on the grounds that filing the amended affirmative defense would be futile due to Defendant's failure to comply with the reasonable promptness requirement of the Indiana Comparative Fault Act. Finally, Plaintiff asserts that granting the relief requested by Defendant will unfairly prejudice Plaintiff, as it will enable Defendant to shift blame to Amigo Mobility International, Inc. *Id.* at ¶ 8.

In its reply, Defendant argues that the Indiana Comparative Fault Act refers to a defendant's "actual knowledge" of a nonparty defense, rather than inquiry knowledge or merely knowledge that persons other than the named defendant had a role in the event underlying the relevant suit. (Reply ¶ 4, ECF No. 17). Defendant further explains that the statute contemplates that a defendant should have a reasonable opportunity to discover the existence of a nonparty defense. *Id.* Moreover, Defendant notes that it was served with the Complaint a mere one day before the statute of limitations expired on Plaintiff's claims. *Id.* at ¶ 5. And, per case law in this jurisdiction, Defendant argues that the timing of a defendant's nonparty defense cannot prejudice the plaintiff when the statute of limitations would have expired before the defendant's answer was

5

due. *Id.* at ¶¶ 6, 19. Finally, Defendant asserts that it did not have actual knowledge that the shopping cart at issue was manufactured by Amigo Mobility International, Inc. until May 29, 2020, a mere eighteen days before the filing of the instant motion, and that courts have held that such action is considered reasonably prompt under the Indiana Comparative Fault Act. *Id.* at ¶¶ 14, 16-17.

      The Court finds that Defendant has the better of the arguments at this relatively early stage of the litigation and should have leave to file its amended affirmative defense. Initially, the Court notes that, because Defendant was not served with the Complaint more than 150 days prior to the expiration of the applicable statute of limitations on Plaintiff's claims, Defendant need only plead a nonparty defense with "reasonable promptness." Ind. Code § 34-51-2-16; *see Jones v. Kaplan Trucking Co.*, No. 4:17-CV-22, 2019 WL 5446364, at *2 (N.D. Ind. Oct. 24, 2019) ("Given that the plaintiffs filed this matter only four days prior to the expiration of the applicable statute of limitations, the defendants need only plead the nonparty defense with 'reasonable promptness.'"). Plaintiff offers a compelling argument concerning the impact of the relevant affirmative defense, in that it may preclude recovery from a third party due to the potential running of the statute of limitations. However, as discussed in more detail below, it is not clear that this prejudice stems from the timing of the filing of the amended affirmative defense, as the limitations period ran prior to Defendant's deadline to file its original answer and affirmative defenses. Further, the Indiana Comparative Fault Act protects plaintiffs from this very danger in the event a complaint is served more than 150 days prior to the expiration of a limitations period. Here, Defendant asserts that Plaintiff served the Complaint only one day before the limitations period ran and Plaintiff presents no argument to the contrary, so the Court looks only to the "reasonable promptness" requirement.

### I. It is not clear Defendant failed to act with reasonable promptness, as defined by the Indiana Comparative Fault Act.

"The 'reasonable promptness' requirement refers to the period of time between service of the complaint on the defendant and the assertion of the nonparty defense." *Heath v. Isenegger*, No. 2:10 CV 175, 2011 WL 2580538, at *2 (N.D. Ind. June 28, 2011). In the instant matter, the Complaint was served on Defendant on October 7, 2019. (Reply Ex. A, ECF No. 17-1). Discovery did not commence until approximately May 7, 2020, when the Court held a preliminary pretrial conference and set the deadlines for discovery. The instant motion was then filed on June 16, 2020, just over eight months after service of the Complaint and just over one month after the commencement of discovery.

While Plaintiff argues that Defendant had access to certain records prior to service of the Complaint, as explained by the court in *Heath*, "[i]t is during the discovery period that the court must expect the parties diligently to research and develop their positions." 2011 WL 2580538, at *2. Because Defendant sought to amend its Answer within approximately eight months after service of the Complaint and one month after the commencement of discovery, on the current record, the Court cannot find that Defendant failed to act with reasonable promptness, as required by the Indiana Comparative Fault Act. *See id.* ("The defendants were prompt in identifying the nonparties after discovery commenced and moved to amend their answer within four months of beginning discovery. This is the type of reasonable promptness the statute contemplates."); *see also Benbenek v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 1:12-CV-0591-JMS-DML, 2012 WL 5331230, at *4 (S.D. Ind. Oct. 29, 2012) ("A defendant's diligence is measured from the time he is served with the complaint.").

Plaintiff's argument that Defendant had almost two years to uncover the identity of Amigo Mobility International, Inc. is unavailing. First, as noted above, the reasonable promptness

requirement of the Indiana Comparative Fault Act refers to the time between service of the complaint and assertion of the nonparty defense—here, approximately eight months—not the time between a defendant's initial and internal investigation of the incident in question and the defendant's assertion of the nonparty defense. Second, a large majority of that two-year period was consumed with Plaintiff taking no action to bring suit. This makes the time at least as imputable to Plaintiff as to Defendant. And, perhaps most critically,

> [t]he statute also speaks of knowledge of a *nonparty defense*, and not merely knowledge that persons other than named defendants had roles in a transaction or event underlying a lawsuit. This language suggests to the court that the Act contemplates a party's having the benefit of her lawyer's analysis about whether any particular person not included as a defendant may be at legal fault for the plaintiff's injuries or damages as described in the plaintiff's complaint.

*Benbenek*, 2012 WL 5331230, at *3. In the instant matter, similar to the argument accepted by the court in *Benbenek*, Defendant explains that it discovered the identity of Amigo Mobility International, Inc. during the discovery process. (Reply ¶¶ 11-14, ECF No. 17; *Benbenek*, 2012 WL 5331230, at *3 ("According to [the defendant], its investigation—after the complaint was filed—led it to actual knowledge of the nonparty defense.")). On the allegations before the Court, it is far from clear that Defendant gained actual knowledge of the nonparty defense before the commencement of discovery. And, if Defendant did not gain actual knowledge of the nonparty defense until the discovery process, the Court cannot say with certainty that Defendant failed to plead the nonparty defense with reasonable promptness.

Because it is not clear that Defendant failed to act with reasonable promptness after gaining actual knowledge of the nonparty defense, the Court cannot find that the filing of Defendant's amended affirmative defense would be futile. As such, the only other question before the Court is whether the filing of the amended affirmative defense would nonetheless unduly prejudice Plaintiff.

8

### II. Plaintiff suffers no more prejudice than that which Plaintiff would have faced by the same affirmative defense pleaded with Defendant's original answer.

As noted above, Plaintiff argues that she will be prejudiced by the filing of Defendant's amended affirmative defense because it will enable Defendant to shift blame to Amigo Mobility International, Inc. (Resp. ¶ 8, ECF No. 16). Once again, the court's analysis in *Benbenek* is instructive here. In that matter, the plaintiff argued that allowing the defendants to assert an affirmative defense naming a nonparty would unduly prejudice him, as the statute of limitations had run on the plaintiff's claim against that nonparty. *Benbenek*, 2012 WL 5331230, at *4. The court noted that the plaintiff did not dispute that the statute of limitations had run before the defendants were required to file their first answers to the complaint. *Id.* The plaintiff further did not dispute that the defendants could have named the relevant nonparty in their original answers, even though the plaintiff's claim against that nonparty would have been time-barred at that point. *Id.* The court explained that the plaintiff had "filed his complaint just days or a few weeks before the statute of limitations would run, which made him vulnerable to a nonparty defense identifying a person from whom he could not seek affirmative relief." *Id.* at *4 n.3. And, further, the plaintiff "could have determined—before he filed suit—the role [the nonparty played] and could have named him as a defendant to the extent he had a viable claim." *Id.* The court concluded that, in such circumstances, the court's determination could not turn on the fact that the plaintiff could no longer bring a claim against the nonparty, as this would have been true even if the defendants had raised the defense at their first opportunity. *Id.* at *4.

In the instant matter, Defendant notes that it was served with Plaintiff's Complaint one day before the expiration of the statute of limitations. (Reply ¶ 5, ECF No. 17). As such, Defendant's Answer was necessarily due after the expiration of the statute of limitations, as with the defendants' answers in *Benbenek*. Plaintiff asks how she was to uncover the identity of Amigo Mobility

9

International, Inc., allowing her to name this entity as a defendant prior to the expiration of the statute of limitations. (Resp. ¶ 8, ECF No. 16). Yet, there seems to the Court a clear response. Had Plaintiff served Defendant with the Complaint more than 150 days before the expiration of the statute of limitations, Defendant would have been required to plead any nonparty defense no later than 45 days before the expiration of the statute of limitations, pursuant to Indiana Code § 34-51-2-16. Defendant would have either failed to gain actual knowledge of the identity of Amigo Mobility International, Inc. in time to plead its nonparty defense entirely or, had Defendant gained actual knowledge and pleaded its nonparty defense in the time required by the Indiana Comparative Fault Act, Plaintiff would have presumably had the opportunity to seek to add Amigo Mobility International, Inc. as a defendant prior to the expiration of the statute of limitations. But Plaintiff did not serve Defendant until just before the expiration of the statute of limitations, and she offers no argument regarding the fact that Defendant would have been allowed to raise its nonparty defense, naming Amigo Mobility International, Inc., in its original Answer, despite Plaintiff's own claim against that entity being time-barred at that point. Accordingly, the Court cannot find that the filing of the amended affirmative defense would unduly prejudice Plaintiff.

Because the Court cannot find that the filing of Defendant's amended affirmative defense would be futile and, further, that the filing of the amended affirmative defense would unduly prejudice Plaintiff, the Court finds that leave should be freely given for Defendant to file its amended affirmative defense.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant Wal-Mart Stores East, LP's Motion for Leave to File Amended Affirmative Defense [DE 14]. The Court **ORDERS** Defendant to file its First Amended Affirmative Defense upon receipt of this order.

So ORDERED this 15th day of October, 2020.

                                                s/ Joshua P. Kolar
                                                MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                UNITED STATES DISTRICT COURT